UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THOMAS MOORE,

    Plaintiff,　　　　　　　　　　　　Case No. 1:07-CV-561

v.　　　　　　　　　　　　　　　　　　Hon. Robert J. Jonker

STATE OF MICHIGAN, et al.,

    Defendants.

_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4) filed on August 13, 2007. Plaintiff filed his Objection to the Report and Recommendation (docket # 5) on August 27, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Scoville; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds Magistrate Judge Scoville's Report and Recommendation to be both factually sound and legally correct. The Report and Recommendation concludes that Plaintiff's claim should be dismissed on the grounds of immunity and failure to state a claim. Plaintiff essentially restates the arguments in his complaint and argues in his Objection that (1) the MDOC is not immune from liability in this case; (2) someone should have acted to protect him from the life-threatening injury he suffered; (3) Defendants' failure to provide proper follow-up treatment violated Plaintiff's Eighth Amendment rights; and (4) Defendants' alleged violation of MDOC policy directives gives Plaintiff a claim for relief.

Plaintiff's arguments are without merit. First, as stated in the Report and Recommendation, the Eleventh Amendment immunizes the MDOC and the State of Michigan from liability in this case. *See e.g.*, *Turnboe v. Stegall*, 234 F.3d 1270 (Table), 2000 WL 1679478, at *2 (6th Cir. 2000) ("[T]he MDOC, as an arm of the State of Michigan, is entitled to sovereign immunity."). Plaintiff fails to present any reason why that immunity would not apply in this case.

Second, Plaintiff's allegations do not establish that Defendants "yard officer," "guntower officer," and "all officers, Sergeants, [and] Lietenants" who responded to the June 25, 2005 incident were "subjectively aware of the risk" to Plaintiff and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). In fact, the allegations seem to establish that the officers took reasonable measures to abate the risk as soon as they were subjectively aware of it. (*See* Compl. 7 ("[O]nly after someone assigned to the control[-]center video noticed the altercation" was a response initiated).) Moreover, despite Plaintiff's contention to the contrary, the guntower officer's failure to fire a warning shot did not violate Plaintiff's Eighth Amendment rights. The Constitution did not require the guntower officer to fire a warning shot.

Third, Plaintiff's failure to present verifying medical evidence precludes him from bringing a deliberate indifference claim for improper follow-up treatment even if, as Plaintiff alleges, Defendants knew of the seriousness of Plaintiff's initial injuries. *See Napier v. Madison County*, 238 F.3d 739, 742 (6th cir. 2001) ("[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the *delay* in medical treatment to succeed." (emphasis added) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Plaintiff has unquestionably submitted evidence of the severity of his initial injury, but he has submitted absolutely no verifying evidence to

establish the detrimental effect of the allegedly delayed follow-up treatment. He does not allege that the delay in follow-up treatment (as opposed to the initial injury for which he received medical care) resulted in an injury that evidenced a serious need for medical care that would have been obvious even to a lay person. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004) ("Where the seriousness of a prisoner's needs for medical care is obvious even to a lay person, the constitutional violation may arise.").

Finally, even if Defendants violated an MDOC policy directive, Plaintiff still fails to state a claim. The failure to follow a policy directive is not, in itself, a constitutional violation. *See Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992) ("[F]ailure to comply with a state regulation is not itself a constitutional violation."). Thus Plaintiff's allegations of violations of MDOC policy directives fail to state a cognizable § 1983 claim.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 13, 2007, is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed on the grounds of immunity and failure to state a claim. This dismissal counts as a strike under 28 U.S.C. § 1915(g). The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated:   March 17, 2008            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE